UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **CHRISTOPHER EBHOTEMEN, SR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO: 2:22-cv-00090 |
| | ) |
| **UNITED STATES STEEL CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff Christopher Ebhotemen, Sr. ("Plaintiff" or "Ebhotemen"), by counsel, brings this lawsuit against Defendant United States Steel Corporation pursuant to Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), 42 U.S.C. §2000e, *et seq.*, as amended, and Indiana law.

**I. Parties**

2. Defendant is a corporation that does business within the Northern District of Indiana.

3. Ebhotemen is an "employee" as that term is defined by 42 U.S.C. §2000e(f).

4. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

**II. Jurisdiction and Venue**

5. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343; 42 U.S.C. §2000e-(5), and 28 U.S.C. § 1367.

6. Ebhotemen exhausted his administrative remedies by filing charge no. 470-2021-02958 with the U.S. Equal Employment Opportunity Commission and receiving the appropriate

notice of suit rights.  Ebhotemen files the instant matter within ninety (90) days of receipt of said notice.

    7.    Plaintiff's state law claims arise from the same common nucleus of operative facts as his federal law claims and all of his claims thus form a single case and controversy under Article III of the United States Constitution.

    8.    All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Northern District of Indiana; thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III. Factual Allegations

    9.    On or about October 3, 2011, Defendant hired the Plaintiff, Christopher Ebhotemen, Sr., a black African-American.  His most recent position was Maintenance Technician Mechanical assigned to #14 Blast Furnace.

    10.    Throughout Ebhotemen's employment, he has met or exceeded all of Defendant's legitimate employment expectations.

    11.    In or about 2018, Kevin Suitor became Plaintiff's supervisor.  Suitor segregated and discriminated against African-American employees, including Plaintiff.  Suitor's discrimination included requiring African-Americans to perform additional tasks which were not required of Caucasian employees.

    12.    In August 2018 Plaintiff made complaints of race discrimination to Defendant's hotline.  Defendant did not take any action to end race discrimination that Plaintiff complained of.

    13.    Caucasian employees who complain have their concerns addressed.

14. Ebhotemen was subsequently assigned to work on the #14 blast furnace, where he was the only African-American to ever work in the department.

15. Ebhotemen was subjected to harassment due to his race, including without limitation co-employees putting garbage or grease on his chair, yelling at him and belittling him. Plaintiff got a new work chair which Defendant took away from him.

16. In or about May 2019 Ebhotemen complained to Defendant's hotline and employee relations of the racial harassment he and his partner endured at the blast furnace iron recycling.

17. Defendant closed the investigation into Ebhotemen's complaint 2-3 weeks later without taking any action to stop the harassment. Ebhotemen complained that the decision to close his case was racially discriminatory.

18. Ebhotemen's internal complaints of discrimination constitute activity protected under Title VII.

19. On December 8, 2020, Plaintiff reported a safety incident. Defendant found him at fault and laid him off for three months. Caucasian employees are treated more favorably in similar situations. Plaintiff returned to work on April 1, 2021.

20. On May 5, 2021, Plaintiff incurred a workplace injury, which he promptly reported to Defendant.

21. On May 7, 2021, Defendant terminated Plaintiff, purportedly for failing to properly report his injury.

22. The reasons proffered by Defendant for laying off and terminating Plaintiff are pretexts.

23. Ebhotemen has been discriminated against by Defendant due to his race in the terms and conditions of employment and discipline and/or retaliated against for complaining of discrimination and/or requesting workers' compensation benefits.

24. Defendant terminated Ebhotemen because of his race, color, and/or because he complained of discrimination, in violation of Title VII, and/or because he requested workers' compensation benefits, in violation of Indiana law.

25. Ebhotemen has been and continues to be economically and emotionally harmed because of Defendant's discriminatory actions.

### IV.  Legal Allegations
### Count I: Title VII - Race Discrimination

26. Ebhotemen hereby incorporates paragraphs one (1) through twenty-five (25) of this Complaint.

27. Defendant discriminated against Ebhotemen on the basis of his race.

28. Similarly-situated Caucasian and/or white employees were treated more favorably with respect to the terms and conditions of employment and discipline than Ebhotemen.

29. Defendant acted intentionally, willfully, with knowledge that its actions violated federal law, and/or with reckless disregard for Ebhotemen's legally protected rights when it violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

30. Ebhotemen has suffered harm as a result of the Defendant's unlawful acts.

### Count II: Title VII – Retaliation

31. Plaintiff hereby incorporates paragraphs one (1) through thirty (30) of his Complaint.

32. Plaintiff engaged in statutorily-protected activities.

33. Defendant took adverse employment actions against Plaintiff in retaliation for his engaging in these statutorily-protected activities.

34. Defendant's unlawful actions were intentional, willful, and done in reckless disregard for Plaintiff's rights as protected by Title VII.

### Count III: Retaliatory Discharge in Violation of Indiana Common Law
*(Frampton Claim)*

35. Plaintiff hereby incorporates paragraphs one (1) through thirty-four (34) of his Complaint.

36. Ebhotemen requested Workers' Compensation benefits.

37. Defendant terminated Ebhotemen in retaliation for requesting Workers' Compensation.

38. Defendant acted maliciously or with reckless regard to Ebhotemen's rights as protected by Indiana common law.

39. Ebhotemen has suffered damages as a result of Defendant's unlawful actions.

### V. Requested Relief

WHEREFORE, Plaintiff, Christopher Ebhotemen, respectfully requests that this Court find for him and order that:

1. Order Plaintiff's reinstatement to the same position, salary, and seniority, or pay front pay and benefits to him in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Plaintiff;

3. Defendant pay compensatory and punitive damages to Plaintiff;

4. Defendant pay pre- and post-judgment interest to Plaintiff;

5. Defendant pay Plaintiff's attorneys' fees and costs incurred in litigating this

action; and

6. Defendant pay to Plaintiff any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

## DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Christopher Ebhotemen, Sr., by counsel, and demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin (7576-49)

*s/ Paul A. Logan*
Paul A. Logan (17661-02)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone:	(317) 955-9500
Facsimile:	(317) 955-2570
E-Mail:	jhaskin@jhaskinlaw.com
E-Mail:	plogan@jhaskinlaw.com
Counsel for Plaintiff,
Christopher Ebhotemen, Sr.